## Marian S. Tolman, Appellee, v. D. A. K. Steele, Appellant.

### Gen. No.' 23,749.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed March 5, 1918.

### Statement of the Case.

Action by Marian S. Tolman, plaintiff, against Dr. D. A. K. Steele, defendant, to recover on a contract for the sale of shares of stock. From a judgment for plaintiff for $2,000, defendant appeals.

WHEELOCK, NEWEY & MACKENZIE, for appellant.

BUSCH, LIESSMANN & ROEMER, for appellee; CLARENCE S. DARROW, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 5*—*when assumpsit may not be waived.* One who has waived the tort and brought suit in assumpsit cannot, upon the trial, waive the assumpsit and try the case as an action *ex delicto.*

2. ASSUMPSIT, ACTION OF, § 88*—*when evidence of fraud inadmissible in action of assumpsit.* Evidence of fraud and deceit is not made competent by the rule that, where nothing remains to be done under a contract except for the defendant to pay, the plaintiff may at his election declare generally in *indebitatus assumpsit.*

3. ASSUMPSIT, ACTION OF, § 88*—*when evidence of tort is irrelevant.* Where the declaration in an action pleads specially that at defendant's request plaintiff gave him a specified number of shares in a certain corporation for which defendant agreed to pay a certain sum and failed to do so, and also sets up consolidated money counts, the gist of the action is the promise to pay, either under an express or implied contract, and evidence of tort is irrelevant and immaterial.

4. ASSUMPSIT, ACTION OF, § 88*—*when evidence as to false representations in sale of stock is inadmissible.* In an action in which the plaintiff pleads specially that at defendant's request she gave defendant certain shares of stock for which the latter agreed to pay a certain amount and failed to do so, evidence as to defendant's method in ingratiating himself with plaintiff, as to plaintiff's belief in defendant's statements, as to the falsity of these statements and as to what plaintiff's deceased husband had paid for certain bonds, is inadmissible.

5. ASSUMPSIT, ACTION OF, § 92*—*when instructions on fraud as element of case are erroneous.* In an action in which plaintiff pleads specially that at defendant's request she gave him certain shares of stock for which he agreed to pay a certain amount but failed to do so, it is error to give instructions which tell the jury that elements of the case are defendant's alleged misrepresentations and fraudulent statements.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6.  ASSUMPSIT, ACTION OF, § 92*—*when requested instruction properly refused.* In an action in which plaintiff pleads specially that at defendant's request she gave him certain shares of stock for which he agreed to pay a certain amount, but that he failed to do so, it is not proper to refuse a requested. instruction that if the jury should believe that no agreement was made between the parties as to payment for the stock, it was immaterial if other persons owning stock had received money therefor.

7.  CORPORATIONS, § 144*—*when condition in receipt not contradictory of undertaking to pay for stock.* In an action to recover on an agreement alleged to have been made to pay plaintiff a certain amount for certain shares of stock, the receipt provided that the stock is to be held "until enough of the stock in said corporation shall have been secured, when it will be donated to the University of Illinois." *Held,* in view of the evidence that the plan was to acquire the stock of the corporation, that all of the stock was to be donated to the University, that a large amount of stock was secured, defendant paying nearly one-half, and that all of the stock was donated to the University, that the condition in the receipt was not necessarily contradictory of an undertaking by defendant to. pay plaintiff for the shares.

8.  CORPORATIONS, § 151*—*what amount recoverable under agreement to purchase stock.* In an action to recover on an agreement alleged to have been made for the purchase of plaintiff's stock, where plaintiff testifies that defendant agreed to pay as much as any other stockholder would receive, the amount recoverable, if the jury believed plaintiff's evidence, cannot exceed that shown by competent evidence to have been the highest amount paid· for the stock.

9.  PLEADING, § 248*—*when declaration should be amended.* Where an action brought against several defendants is dismissed as to all except one, the declaration should be amended accordingly.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.